IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:07-CV-00437-D

| | |
|---|---|
| SHARON B. IGLESIAS,<br>      Plaintiff,<br><br>  v.<br><br>JOHN WOLFORD, Chief of Police of Oxford, N.C., in his official and individual capacities; THOMAS MARROW, City Manager of Oxford, N.C., in his official and individual capacities; DON JENKINS, Human Resources Manager for the City of Oxford, N.C., in his official and individual capacities, and, the CITY OF OXFORD, N.C.,<br>      Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants respond to the Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should be dismissed in whole or in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE and ANSWER**

In response to the allegations contained in the individually-numbered paragraphs of the Complaint, the Defendants plead as follows:

1. The Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, so those allegations are denied.

2. It is admitted that John Wolford is a citizen and resident of Granville County, that Mr. Wolford served as Chief of Police for the City of Oxford during the time period at issue in the

1275905 v 1

lawsuit, and that Plaintiff purports to sue Mr. Wolford. All remaining allegations contained in paragraph 2 are denied. It is specifically denied that Mr. Wolford or any of the other Defendants "conspired" in any fashion as alleged by Plaintiff, and it is further denied that Mr. Wolford or any of the other Defendants are in any fashion liable to the Plaintiff.

3. It is admitted that Thomas Marrow is a citizen and resident of Granville County, that Mr. Marrow is and was the City Manager for the City of Oxford during the time period at issue in the lawsuit, and that Plaintiff purports to sue Mr. Marrow. All remaining allegations contained in paragraph 3 are denied. It is specifically denied that Mr. Marrow or any of the other Defendants "conspired" in any fashion as alleged by Plaintiff, and it is further denied that Mr. Marrow or any of the other Defendants are in any fashion liable to the Plaintiff.

4. It is admitted that Don Jenkins is a citizen and resident of Granville County, that Mr. Jenkins is and was the Human Resources Manager for the City of Oxford during the time period at issue in the lawsuit, and that Plaintiff purports to sue Mr. Jenkins. All remaining allegations contained in paragraph 4 are denied. It is specifically denied that Mr. Jenkins or any of the other Defendants "conspired" in any fashion as alleged by Plaintiff, and it is further denied that Mr. Jenkins or any of the other Defendants are in any fashion liable to the Plaintiff.

5. It is admitted that the City of Oxford is a municipal corporation created, organized, and existing under the laws of the State of North Carolina. It is also admitted that Plaintiff was employed by the City of Oxford from 1999 until she was terminated on or about January 25, 2006. Except as expressly admitted, any remaining allegations are denied.

6. The allegations contained in paragraph 6 are admitted.

7. The allegations contained in paragraph 7 are admitted.

8. In response to the allegations contained in paragraph 8, it is admitted that Mr. Wolford served as Police Chief for the City of Charlottesville, Virginia, prior to being hired as Oxford Police Chief. The remaining allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 are legal conclusions to which no response is required.

10. In response to the allegations contained in paragraph 10, it is admitted that Chief Wolford's duties included controlling an investigative fund and that the fund is derived from forfeitures and City general funds allocated for the purposes of conducting investigations that require the purchase of drugs, information and/or stolen goods or other contraband.

11. The allegations contained in the first sentence of paragraph 11 are admitted. The remaining allegations contained in paragraph 11 are denied as stated.

12. In response to the allegations contained in paragraph 12, it is admitted that Plaintiff's duties included maintaining receipts for the Fund. The remaining allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are denied.

14. In response to the allegations contained in paragraph 14, it is denied that disbursements from the Fund could only be made during Plaintiff's day-shift working hours, but it is admitted that disbursements from the Fund were generally made during the daytime working hours. Except as expressly admitted, denied.

15. Denied.

16. Denied.

17. Denied.

18. In response to the allegations contained in paragraph 18, it is admitted that Chief Wolford withdrew $400 from the Fund for use in an investigation, but it is denied that the withdrawal violated police policy. Except as expressly admitted, any remaining allegations contained in this paragraph are denied.

19. The allegations contained in paragraph 19 are denied in part and admitted in part. It is admitted that Chief Wolford's spouse was involved in an automobile accident, but Defendants do not currently know exactly when the accident occurred, therefore the allegations relating to the date of the accident are denied. Except as expressly admitted, any remaining allegations are denied.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20, so those allegations are denied. In response to the allegations contained in the second sentence of paragraph 20, it is admitted that an audit was performed, but Defendants aver that the audit was conducted at the direction of Mr. Marrow (not Commissioner Currin), so the remaining allegations are all denied. Except as expressly admitted, the allegations in Paragraph 20 are denied.

21. Upon information and belief, admitted.

22. In response to the allegations contained in paragraph 22, it is admitted that the City requested that SBI come to the Oxford Police Department to investigate, but Defendants do not recall the exact date, so the allegations relating to the date of the investigation are denied.

23. Defendants lack sufficient knowledge or information to form a belief as to exactly what Plaintiff may have told the City's auditors, so those allegations are denied. The remaining allegations contained in paragraph 23 are denied.

24. Defendants lack sufficient knowledge or information to form a belief as to exactly what Plaintiff may have told the SBI, so those allegations are denied. The remaining allegations contained in paragraph 24 are denied.

25. In response to the allegations contained in paragraph 25, it is admitted that Chief Wolford was later informed of Plaintiff's false accusations.

26. In response to the allegations contained in paragraph 26, it is admitted that Plaintiff was counseled by Chief Wolford, but it is denied that this (or any other action) taken with respect to Plaintiff was on account of any of Plaintiff's communications with the City's auditors. Except as expressly admitted, any remaining allegations are denied.

27. Upon information and belief, admitted.

28-29. In response to the allegations contained in paragraphs 28 and 29, it is admitted the Fund was transferred to the City's Finance Department and that Plaintiff had no further duties with respect to the Fund after this transfer. Any remaining allegations are denied as stated.

30. In response to the allegations contained in paragraph 30, it is admitted only that Mr. Marrow instructed Plaintiff to pursue her grievance by first going through the City's Human Resources Director. The remaining allegations contained in this paragraph are denied, and to the extent that Plaintiff's allegations may be construed to assert that she was denied the opportunity to pursue any appeal through the City's appeal procedure, any such allegations are expressly denied.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31, so those allegations are denied.

32. The allegations contained in paragraph 32 are denied.

33. In response to the allegations contained in the first sentence of paragraph 33, it is admitted that Mr. Jenkins spoke with Plaintiff during the course of an internal investigation of a city employee. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, so they are denied.

34. In response to the allegations contained in paragraph 34, it is admitted that Plaintiff was transferred (with the same salary and pay grade) to another position after it was determined that she engaged in misconduct in connection with the investigation of another city employee. The remaining allegations contained in paragraph 34 are denied.

35. In response to the allegations contained in paragraph 35, it is admitted that Plaintiff submitted a grievance over her transfer. It is also admitted that, after Plaintiff insisted that she was unable to perform or train for the duties of her new position, she was placed on administrative leave with pay. Except as expressly admitted, any remaining allegations are denied.

36. Admitted.

37. In response to the allegations contained in paragraph 37, it is denied that Plaintiff was demoted, but it is admitted that Mr. Jenkins informed Plaintiff that he saw no reason to disturb or set aside the transfer. Except as expressly admitted, any remaining allegations are denied.

38-40. In response to the allegations contained in paragraphs 38 through 40, it is admitted that Plaintiff pursued her grievance through an appeal to City Manager Marrow, and that after a hearing, City Manager Marrow reinstated Plaintiff to her previous position. It is also admitted that Plaintiff received a final warning. Except as expressly admitted, any remaining allegations are denied.

41-42. In response to the allegations contained in paragraphs 41 and 42, it is admitted that Mayor Woodlief's campaign stated that the allegations made by the Plaintiff had been investigated by the SBI and other agencies and determined to be unfounded. It is denied that the campaign statements were false. Except as expressly admitted, any remaining allegations contained in paragraphs 41 and 42 are also denied.

43. Admitted.

44. Upon information and belief, denied.

45. In response to the allegations contained in paragraph 45, it is admitted that the Plaintiff has repeatedly uttered false and slanderous statements about Chief Wolford, but it is denied that Chief Wolford called Plaintiff a "liar" or a "slanderer" at the luncheon. It is also denied that the Plaintiff was "dis-invited" as alleged. Except as expressly admitted, any remaining allegations contained in paragraph 45 are denied.

46-48. In response to the allegations contained in paragraphs 46 through 48, it is admitted that WRAL TV televised an interview with Plaintiff and others, during which District Attorney Currin was interviewed. Defendants do not presently recall the exact date and time of the interview, nor the exact quotations made by Mr. Currin (except that Mr. Currin generally stated that he did not believe that Chief Wolford had engaged in any wrongdoing) or the reporter, so those allegations are denied. Except as expressly admitted, any remaining allegations contained in paragraphs 46 through 48 are also denied.

49. The allegations contained in paragraph 49 are denied, except that it is admitted that an e-mail was sent to the Police Department employees regarding Plaintiff's false accusations. By way of further response, Defendants do not presently recall whether Chief Wolford or Capt. Boyd sent the email. Defendants also aver that the Plaintiff's recitation of the contents of the

email is incomplete and/or incorrect. Except as expressly admitted, any remaining allegations are denied.

50. Admitted.

51. Denied.

52. It is admitted that Mr. Marrow released a statement after Plaintiff's termination, but Defendants do not presently recall the exact contents of the statement, so those allegations are denied. Except as expressly admitted, any remaining allegations are denied.

53. Denied.

54. Defendants reallege and incorporate by reference their responses to the preceding paragraphs.

55. Denied.

56. Denied.

57. The allegations contained in paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, those legal conclusions are denied.

58. The allegations contained in the first sentence of paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, those legal conclusions are denied. The remaining allegations contained in paragraph 58 are also denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendants reallege and incorporate by reference their responses to the preceding paragraphs.

63. The allegations contained in paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, those legal conclusions are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The allegations contained in paragraph 70 are legal conclusion to which no response is required. To the extent a response is required, those legal conclusions are denied.

71. Denied.

72. Defendants reallege and incorporate by reference their responses to the preceding paragraphs.

73. The allegations contained in paragraph 73 are legal conclusions to which no response is required.

74. Denied.

75. The allegations contained in paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, those legal conclusions are denied.

76. Denied.

77. Denied.

78. Denied.

79. The allegations contained in paragraph 79 of Plaintiff's Complaint are denied as stated. It is admitted that the Defendant City has obtained one or more policies of insurance which may

provide certain coverage for the City and its officials and employees, but the City avers that it has waived governmental immunity only to the extent of actual coverage under any such policy of insurance, and the City maintains its governmental immunity to the extent of any deductible, exclusion, lack of policy coverage, or limit of coverage under any such policy. Defendants further respond that, except to the limited extent that governmental immunity may be waived as described in N.C. Gen. Stat. § 160A-485, even actual insurance coverage does not waive any other types of immunity which may be available. Except as expressly admitted, any remaining allegations or inferences contained in paragraph 79 of the Plaintiff's Complaint are denied.

80. Defendants reallege and incorporate by reference their responses to the preceding paragraphs.

81-82. The allegations contained in paragraphs 81 and 82 are legal conclusions to which no response is required. To the extent that a response may be deemed required, it is admitted only that the individual Defendants were acting within the course and scope of their official duties with respect to any employment actions taken regarding the Plaintiff. Except as expressly admitted, any remaining allegations or inferences are denied.

83. Denied.

84. Denied.

85. In response to the allegations contained in paragraph 85, it is admitted only that Plaintiff was terminated. The remaining allegations are denied. It is expressly denied that Plaintiff's speech was "on matters of public concern," that her termination was "in order to silence and discredit her," or that her right to free speech was violated in any fashion.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Except as expressly admitted above, any remaining allegations contained in the Amended Complaint (including those contained in Plaintiff's Prayer for Relief) are denied. It is expressly denied that Plaintiff is entitled to a recovery or relief of any sort from any of these Defendants.

## THIRD DEFENSE

Plaintiff's conspiracy claims should be dismissed because a conspiracy requires two or more actors.

## FOURTH DEFENSE

Plaintiff's claims against the City (and against the Defendants in their official capacities) are barred by sovereign or governmental immunity.

## FIFTH DEFENSE

Plaintiff's constitutional claims under the North Carolina Constitution fail because she has adequate state law remedies. Also, to the extent that Plaintiff purports to assert constitutional claims against the individual defendants, the claims should be dismissed because the North Carolina Constitution does not create any rights or cause of action against those individuals.

## SIXTH DEFENSE

Plaintiff's claims against the individual defendants are barred by public officer's/public official's immunity, qualified immunity, or absolute immunity.

## SEVENTH DEFENSE

Plaintiff's claims against the individual defendants should be dismissed because they were not plaintiff's "employer" for the purpose of a wrongful discharge claim.

**EIGHTH DEFENSE**

Defendants deny that any employment action was taken with respect to the Plaintiff on account of any allegedly protected expression or activities. Defendants further aver that any employment action taken with respect with respect to the Plaintiff would have occurred in any event, without regard to any such allegedly protected expression or activity.

**NINTH DEFENSE**

In the alternative, Defendants plead that Plaintiff's expressive activities were not entitled to protection because the Defendants reasonably apprehended that Plaintiff's activities would damage the morale and efficiency of the Police Department, and the Defendants' interests in the efficient and orderly operation of the Department outweighed the Plaintiff's interests in her speech or expressive activity.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and laches. In the alternative, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**ELEVENTH DEFENSE**

In the alternative, to the extent that the Plaintiff may have failed to exercise reasonable diligence and ordinary care to minimize her damages, Plaintiff's claims are barred by the doctrines of avoidable consequences and failure to mitigate damages.

**TWELFTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, by the provisions of Chapter 1D of the North Carolina General Statutes.

## THIRTEENTH DEFENSE

The City (and the individual Defendants in their official capacities) are absolutely immune from punitive damages because punitive damages cannot be awarded against a municipal defendant.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution (and the comparable provisions of the North Carolina Constitution) in that they seek to deprive the Defendants of property without due process of law, violate the Defendants' rights to equal protection of the laws, and seek to impose excessive fines.

## ADDITIONAL DEFENSE

Defendants reserve the right to amend their answer to include any additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the discovery process.

WHEREFORE, having answered each and every allegation contained in the Plaintiff's Complaint, Defendants respectfully pray the Court as follows:

1. That the Plaintiff have and recover nothing of the Defendants and this action be dismissed with prejudice;

2. That the Court tax the cost of this action to the Plaintiff; and

3. That the Court grant the Defendants such other and further relief as it deems just and proper.

Respectfully submitted, this the 21st day of November, 2007.

> CRANFILL SUMNER & HARTZOG LLP
>
> **/s/ M. Robin Davis**
> M. ROBIN DAVIS
> Post Office Box 27808
> Raleigh, NC 27611-7808
> Telephone: (919) 828-5100
> Facsimile: (919) 828-2277
> E-Mail: mrd@cshlaw.com
> N.C. State Bar No.: 21655
>
> NORWOOD P. BLANCHARD
> 1209 Culbreth Drive, Suite 200
> Wilmington, NC 28409
> Telephone: (910) 332-0944
> Facsimile: (910) 509-9676
> E-Mail: nblanchard@chslaw.com
> N.C. State Bar No.: 26470
>
> *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:07-CV-00437-D

| | |
|---|---|
| SHARON B. IGLESIAS,<br>Plaintiff,<br><br>v.<br><br>JOHN WOLFORD, Chief of Police of Oxford, N.C., in his official and individual capacities; THOMAS MARROW, City Manager of Oxford, N.C., in his official and individual capacities; DON JENKINS, Human Resources Manager for the City of Oxford, N.C., in his official and individual capacities, and, the CITY OF OXFORD, N.C.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I hereby certify that on November 21, 2007, I electronically filed the foregoing *Defendants' Answer to Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Charles E. Monteith, Jr.
>Monteith & Rice, PLLC
>102 Pickering Place, #3-3
>Cary, NC 27513
>*Attorney for Plaintiff*

And I hereby certify that I have mailed the document to the following non CM/ECF participant:

>Shelli Henderson Rice
>Monteith & Rice, PLLC
>102 Pickering Place, #3-3
>Cary, NC 27513
>*Attorney for Plaintiff*

Respectfully submitted,

CRANFILL SUMNER & HARTZOG LLP

**/s/ M. Robin Davis**
M. ROBIN DAVIS
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
E-Mail: mrd@cshlaw.com
N.C. State Bar No.: 21655

NORWOOD P. BLANCHARD
1209 Culbreth Drive, Suite 200
Wilmington, NC 28409
Telephone: (910) 332-0944
Facsimile: (910) 509-9676
E-Mail: nblanchard@chslaw.com
N.C. State Bar No.: 26470

*Attorneys for Defendants*