IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:07-CV-00437-D

SHARON B. IGLESIAS,
        Plaintiff,

v.

JOHN WOLFORD, Chief of Police of Oxford, N.C., in his official and individual capacities; THOMAS MARROW, City Manager of Oxford, N.C., in his official and individual capacities; DON JENKINS, Human Resources Manager for the City of Oxford, N.C., in his official and individual capacities, and, the CITY OF OXFORD, N.C.,

        Defendants.

**DEFENDANT JOHN WOLFORD'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:    Plaintiff Sharon B. Iglesias
        By and Through Her Attorneys of Record
        Charles E. Monteith, Jr., Esq.
        Shelli Henderson Rice, Esq.
        MONTEITH & RICE, PLLC
        422 Saint Mary's Street, Ste. 6
        Raleigh, North Carolina 27605

Defendant John Wolford, through counsel, answers to Plaintiff's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents to Defendant John Wolford as follows:

## GENERAL STATEMENT

The answers to these Requests for Admissions, Interrogatories and Requests for Production of Documents were prepared with the assistance of the undersigned counsel;

EXHIBIT # 60

1333906 v 1

therefore, the word usage and sentence structure used in the answers may be that of counsel, and do not purport to be the precise language of the answering party.

THESE ANSWERS ARE MADE SUBJECT TO THE ABSOLUTE PRIVILEGE AND RIGHT OF THE ANSWERING PARTY TO SUPPLEMENT AND/OR AMEND THESE ANSWERS AT ANY TIME.

## GENERAL OBJECTIONS

Defendant responds subject to the accompanying objections, without waiving and expressly preserving all such objections.

Defendant hereby incorporates the following general objections into each of its answers as if fully set forth herein:

1. Defendant objects to plaintiff's discovery requests to the extent that they may be construed to request confidential communications with counsel of record concerning this or other on-going litigation, or the identity of information or documents created or prepared in anticipation of litigation or for trial, on the grounds that such information or documents are protected by the attorney-client and/or work product privilege.

2. Defendant objects to plaintiff's discovery requests to the extent that they seek to impose a duty to respond beyond that which is required by the Federal Rules of Civil Procedure.

3. Defendant objects to plaintiff's discovery requests to the extent that they call for the production of information and/or the identification of documents that are not within the applicable scope of discovery in this action under Federal Rule of Civil Procedure 26.

4. Defendant objects to plaintiff's discovery requests to the extent that they call for a legal conclusion or for information which is not available to defendant after reasonable inquiry.

5. Defendant objects to plaintiff's discovery requests to the extent that the same are overly broad or overly inclusive and/or they call for extensive research, investigation, information, or identification of documents which would subject defendant to annoyance, embarrassment, oppression, or undue burden or expense.

1333906 v 1

6. Defendant objects to plaintiff's discovery requests to the extent that they seek private personnel information, protected by N.C.G.S. §160A-168 or other statute, related to anyone other than this Plaintiff.

7. Defendant objects to plaintiff's discovery requests to the extent that they seek confidential criminal investigatory or informant information.

## REQUESTS FOR ADMISSION

1. Admit that You discharged Plaintiff was because she reported that You took monies from the Drug and Alcohol Law Enforcement Special Fund for his personal use.

**ADMIT/DENY:**

Denied.

2. Admit that, as the top law enforcement officer for the City of Oxford, You were obligated to comply with the laws as set forth in the North Carolina General Statutes.

**ADMIT/DENY:**

Admitted.

3. Admit that You took monies from the Drug and Alcohol Law Enforcement Special Fund for Your own personal use.

**ADMIT/DENY:**

Denied.

4. Admit that You subsequently repaid the Drug and Alcohol Law Enforcement Special Fund for monies that You took from said fund for Your own personal use.

**ADMIT/DENY:**

Denied.

1333906 v 1

5. Admit that You failed to follow established policies and procedures with respect to Your removal of monies from the Drug and Alcohol Law Enforcement Special Fund.

**ADMIT/DENY:**

Denied.

6. Admit that You removed monies from the City of Oxford Police Department Petty Cash fund for your own personal use.

**ADMIT/DENY:**

Denied.

## INTERROGATORIES

1. Describe in detail the circumstances surrounding your separation from employment as the Charlottesville, Virginia Chief of Police.

**ANSWER:** **Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks personnel information which is confidential under Virginia or North Carolina Statutes.**

**Without waiving the General and specific objections set forth herein, Defendant states: I resigned from the City of Charlottesville in July 1998.**

2. Describe in detail the reasons for your removal of $400.00 from the Drug and Alcohol Law Enforcement Special Fund as referenced in Defendants' Answer to paragraph 25 of Plaintiff's Amended Complaint.

**ANSWER:** **Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to**

1333906 v 1

the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.

Without waiving the General and specific objections set forth herein, Defendant states: The purpose of the withdrawal was for payment to an informant in the conduct of an internal inquiry.

3. State whether You removed $100.00 from the Drug and Alcohol Law Enforcement Special Fund on November 16, 2001 and describe in detail why You removed said amount.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.

Without waiving the General and specific objections set forth herein, Defendant states: Yes, on November 16, 2001, I received $100.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in the conduct of an internal inquiry.

4. State whether You removed $240.00 from the Drug and Alcohol Law Enforcement Special Fund on July 22, 2002 and describe in detail why You removed said amount.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.

Without waiving the General and specific objections set forth herein, Defendant states: I did not remove such amount on July 22, 2002; however, on July 23, 2002, I received $240.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry.

5.  State whether You removed $40.00 from the Drug and Alcohol Law Enforcement Special Fund on November 29, 2002 and describe in detail why You removed said amount.

**ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.**

**Without waiving the General and specific objections set forth herein, Defendant states: Yes, on November 29, 2002 I received $40.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry.**

6.  State whether You removed $40.00 from the Drug and Alcohol Law Enforcement Special Fund on December 6, 2002 and describe in detail why You removed said amount.

**ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.**

**Without waiving the General and specific objections set forth herein, Defendant states: Yes, on December 6, 2002 I received $40.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry.**

7.  State whether You removed $100 from the Drug and Alcohol Law Enforcement Special Fund on August 21, 2003 and describe in detail why You removed said amount.

**ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.**

Without waiving the General and specific objections set forth herein, Defendant states: Yes, on August 21, 2003 I received $100.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry.

8. State whether You removed $20.00 from the Drug and Alcohol Law Enforcement Special Fund in November 2003 and describe in detail why You removed said amount.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.

Without waiving the General and specific objections set forth herein, Defendant states: Yes, on November 3, 2003 I received $20.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry.

9. State whether You removed $60.00 from the Drug and Alcohol Law Enforcement Special Fund in February, 2004 and describe in detail why You removed said amount.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. Moreover, Defendant objects to the extent this interrogatory seeks confidential criminal investigative information which is confidential under North Carolina Statutes.

Without waiving the General and specific objections set forth herein, Defendant states: Yes, on February 11, 2004 I received $60.00 from the Drug and Alcohol Law Enforcement Special Fund to pay an informant in conduct of an internal inquiry. This payment did not occur because the informant did not re-contact me. These funds were returned to the Drug and Alcohol Law Enforcement Special Fund.

10. State when and how You learned that Plaintiff had informed the local media that You had embezzled monies from the Drug and Alcohol Law Enforcement Special Fund.

ANSWER: Objection. Defendant's general objections are incorporated. Without waiving the objections set forth herein, Defendant states: I recall first learning of

1333906 v 1

Plaintiff's contacting local media about her allegations on October 18, 2005 from a Police Department employee.

11. State when and how You became aware that Plaintiff had informed auditors for the City of Oxford that You had embezzled monies from the Drug and Alcohol Law Enforcement Special Fund.

ANSWER: Objection. Defendant's general objections are incorporated. Without waiving the objections set forth herein, Defendant states: I became aware that the auditors had been informed by the Plaintiff of a discrepancy in their audit of the drug funds ledger while I was out of town, through a phone call from Captain Glen Boyd. I believe this was in the spring of 2004. I do not recall when I first learned of Plaintiff's accusations about embezzlement.

12. State when and how You learned that Plaintiff had informed the SBI that You had embezzled monies from the Drug and Alcohol Law Enforcement Special Fund.

ANSWER: Objection. Defendant's general objections are incorporated. Without waiving the objections set forth herein, Defendant states: I believe I learned through the City Manager, Thomas Marrow, or through the District Attorney, Sam Currin, that the Plaintiff had been in contact with the SBI regarding her allegations. I do not recall the date.

13. Describe in detail how Plaintiff was counseled by You as referenced in Defendants' Answer to paragraph 26 of Plaintiff's Amended Complaint.

ANSWER: Objection. Defendant's general objections are incorporated. Without waiving the objections set forth herein, Defendant states: A copy of the written counseling document is produced by the City.

14. Aside from this matter, have You ever been a plaintiff or defendant in any other civil court proceeding? If so, please state the case caption; case number; the county or district in which any such action was filed; the nature of the action; and the outcome of the action.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of

permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party.

Without waiving the general or specific objections, Defendant states: I was involved in a divorce proceeding starting in late 2003 and I have been named as a Defendant along with the city and other officials in civil lawsuits in my capacity as Chief of Police in Oxford, NC, Chillicothe, MO, Charlottesville, VA, Kinston, NC, and Ashland, VA. I do not have detailed information available regarding those civil actions. All were dismissed or settled. I was never held liable personally in any matter.

15. During the time that you have been employed as the Chief of Police for the City of Oxford, have You ever written a personal check that was returned for insufficient funds (NSF)? If so, identify the date and amount of each such check.

ANSWER: Objection. Defendant's general objections are incorporated. Defendant objects to this interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party.

Without waiving the general or specific objections, Defendant states: I have no memory of this occurring.

16. Identify all the "numerous agencies and persons" that have determined Plaintiff's allegations regarding Your alleged taking of monies from the Drug and Alcohol Law Enforcement Special Fund for personal use "to be without merit" as described in Plaintiff's January 24, 2006 dismissal letter.

ANSWER: Objection. Defendant's general objections are incorporated. Without waiving the objections set forth herein, Defendant states: I believe that all persons and entities who have looked into Plaintiff's allegations, including: the Town Auditors, the SBI, the Town Attorney, the Town Manager, the District attorney, as well as the numerous police department employees with whom Plaintiff has repeatedly discussed her allegations and to whom Plaintiff has shown her "evidence", have concluded that Plaintiff's allegations regarding the taking of monies from the Drug and Alcohol Law Enforcement Special Fund were without merit.

1333906 v 1

17. Identify all persons who provided information for answering the Interrogatories, stating the particular Interrogatory for which each such person provided information.

ANSWER:

    **Chief John Wolford**
    **Oxford Police Department**
    **Post Office Box 1186**
    **Oxford, NC 27565**

## DOCUMENTS TO BE PRODUCED

1. All documents identified in any answer to the preceding interrogatories, or which refer, or relate in any way to the preceding interrogatories or Your answers thereto.

RESPONSE:

    **Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.**

2. For every Request for Admission set forth above that You denied (in whole or in part), all documents which in any way support or refute Your denial.

RESPONSE:

    **Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.**

3. A complete copy of the Drug and Alcohol Law Enforcement Special Fund ledger from November 1, 2001 until Plaintiff's discharge from employment.

RESPONSE:

1333906 v 1

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged are produced in response to the discovery responses of the City.

4. All electronic mail messages (hereinafter "emails") that reference Plaintiff and were either sent or received by you on your personal email account(s) during the time period from November 1, 2001 until Plaintiff's discharge from employment.

RESPONSE:

**I had no personal e-mail account during the period noted.**

5. All emails that reference the Drug and Alcohol Law Enforcement Special Fund and were either sent or received by you on your personal email account(s) during the time period from November 1, 2001 until Plaintiff's discharge from employment.
RESPONSE:

**I had no personal e-mail account during the period noted.**

6. All emails that reference the Drug and Alcohol Law Enforcement Special Fund and were either sent or received by you on your City of Oxford email account(s) during the time period from November 1, 2001 until Plaintiff's discharge from employment.

RESPONSE:

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

7. A copy of Your state and federal tax returns for 2006 and 2007.

RESPONSE:

**Objection. Defendant's general objections are incorporated. Defendant objects to this document request because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party. To the extent such information becomes relevant after a trial of this matter, such documentation will be produced upon order of the Court.**

1333906 v 1

8. All documents that relate to any repairs of Your wife's vehicle in 2003.

**RESPONSE:**

Objection. Defendant's general objections are incorporated. Defendant objects to this document request interrogatory because it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure in that the information sought is not relevant to any claim or defense of any party.

Without waiving the general or specific objections, Defendant states: I have located no such documents.

9. All documents that relate of any investigation of Plaintiff that was conducted by You or someone acting on Your behalf.

**RESPONSE:**

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

10. All documents that relate to any public inquiries you received concerning the Drug and Alcohol Law Enforcement Special Fund.

**RESPONSE:**

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

11. All documents that relate to any SBI inquiries you received concerning the Drug and Alcohol Law Enforcement Special Fund.

**RESPONSE:**

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody

of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

12. All documents that You intend to introduce at trial.

**RESPONSE:**

Objection. The General Objections are incorporated. Defendant objects to this request on the grounds that it seeks information protected by the attorney work product doctrine. Without waiving this objection, Defendant states that he has not yet determined which documents may be used at trial. Such documents will be identified in accordance with applicable orders of the Court, the Local Rules and the Federal Rules of Civil Procedure.

13. All documents reflecting, concerning, or containing in any way written or oral statements obtained from any source and recorded in any manner concerning the claims or defenses asserted in this action.

**RESPONSE:**

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

14. To the extent not produced in response to the preceding requests, all documents concerning or in any way supporting or refuting the allegations contained in Plaintiff's Complaint.

**RESPONSE:**

Any documents responsive to this request were created and/or received in my capacity as Chief of Police for the City of Oxford, would be in the possession and custody of the City of Oxford and, to the extent not privileged, are produced in response to the discovery responses of the City.

1333906 v 1

15. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason. This list should identify each document by its name, date, author, and recipient and specify the reason(s) for withholding it from production.

**RESPONSE:**

**There are no such documents withheld from production by this defendant in response to these requests.**

1333906 v 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:07-CV-00437-D

| | |
|---|---|
| SHARON B. IGLESIAS,<br>    Plaintiff,<br><br>v.<br><br>JOHN WOLFORD, Chief of Police of<br>Oxford, N.C., in his official and individual<br>capacities; THOMAS MARROW, City<br>Manager of Oxford, N.C., in his official<br>and individual capacities; DON JENKINS,<br>Human Resources Manager for the City of<br>Oxford, N.C., in his official and individual<br>capacities, and, the CITY OF OXFORD,<br>N.C.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

This is to certify that the undersigned has this day served the attached *Defendant John Wolford's Responses to Plaintiff's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

        Charles E. Monteith, Jr., Esq.
        Shelli Henderson Rice, Esq.
        MONTEITH & RICE, PLLC
        422 Saint Mary's Street, Ste. 6
        Raleigh, North Carolina 27605
        *Attorneys for Plaintiff*

1333906 v 1

This the 7th day of August, 2008.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
M. ROBIN DAVIS, ESQ.
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
E-Mail: mrd@cshlaw.com
N.C. State Bar No.: 21655

NORWOOD P. BLANCHARD, ESQ.
1209 Culbreth Drive, Suite 200
Wilmington, NC 28409
Telephone: (910) 332-0944
Facsimile: (910) 509-9676
E-Mail: nblanchard@chslaw.com
N.C. State Bar No.: 26470

*Attorneys for Defendants*

1333906 v 1

## VERIFICATION

JOHN WOLFORD, first duly sworn, deposes and says that he has read the foregoing **"DEFENDANT JOHN WOLFORD'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES"**; knows the contents thereof; that the same are true of his own knowledge except as to those matters and things stated therein upon information and belief, and as to those he believes them to be true.

_____
JOHN WOLFORD

Subscribed and sworn to before me,

this the 25th day of July

_____
NOTARY PUBLIC

My Commission Expires: 6/30/1?

[Notary seal: WILETRA C. BURWELL, NOTARY PUBLIC, GRANVILLE COUNTY, NC]

## VERIFICATION

1336094 v 1