IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:07-CV-00437-D

| | |
|---|---|
| SHARON B. IGLESIAS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHN WOLFORD, Chief of Police of )<br>Oxford, N.C., in his official and individual )<br>capacities; THOMAS MARROW, City )<br>Manager of Oxford, N.C., in his official )<br>and individual capacities; DON JENKINS, )<br>Human Resources Manager for the City of )<br>Oxford, N.C., in his official and individual )<br>capacities, and, the CITY OF OXFORD, )<br>N.C., )<br>)<br>      Defendants. ) | **ORDER** |

This matter is before the Court on Defendants' motion to seal. Defendants move the Court to seal *Defendants' Memorandum in Support of Motion for Summary Judgment*, along with Deposition Exhibit 9 (Drug and Alcohol Law Enforcement Special Funds Report for October 1998 through May 2004), Deposition Exhibit 10 (Iglesias' July 14, 2003 Notes from Meeting with Susan Wolford), Deposition Exhibit 33 (Wolford's May 17, 2004 Memo to Iglesias), Deposition Exhibit 34 (Iglesias' May 17, 2004 Memo to Wolford), Deposition Exhibit 61 (Drug and Alcohol Law Enforcement Special Funds Report for August 2002 through February 2004), Deposition Exhibit 71 (Ford's October 31, 2005 Memo), Deposition Exhibit 73 (Wolford's November 22, 2005 Memo to Marrow), Deposition Exhibit 77 (Wolford's January 24, 2006 Memo to Iglesias), Deposition Exhibit 88 (Command Staff's January 10, 2006 Memo to Marrow), Exhibit A (Entire Transcript of March 23, 2006 Grievance Hearing), Exhibit B2 (Confidential Portions of Transcript of September 9, 2008 Deposition of Sharon B. Iglesias,

1369208 v 1

pages 143 through 157), Exhibit C2 (Confidential Portions of Transcript of October 7, 2008 Deposition of John Wolford, pages 21 through 84, 155 through 183), Exhibit D2 (Confidential Portions of Transcript of October 15, 2008 Deposition of Don Jenkins, pages 138 through 149), Exhibit E2 (Confidential Portions of Transcript of October 28, 2008 Deposition of Tommy Marrow, pages 52 through 112 and 142 through 153), Exhibit F (Entire Transcript of November 13, 2008 Deposition of J. Thomas Burnette), and Exhibit G (Declaration of Captain Glen Boyd). Defendants motion is based on the grounds that said documents contain reference to and/or constitute: (1) personnel records which are subject to the restrictions of N.C. Gen. Stat. § 160A-168; (2) law enforcement documents which are made confidential by N.C. Gen. Stat. § 132-1.4; (3) confidential attorney-client communications subject to the attorney-client privilege; and (4) information that is made confidential pursuant to N.C. Gen. Stat. § 143-318.11, including closed session minutes of the Oxford City Counsel.

The court, having reviewed the matter, the court finds that Defendants' *Memorandum in Support of Motion for Summary Judgment*, along with Deposition Exhibit 9 (Drug and Alcohol Law Enforcement Special Funds Report for October 1998 through May 2004), Deposition Exhibit 10 (Iglesias' July 14, 2003 Notes from Meeting with Susan Wolford), Deposition Exhibit 33 (Wolford's May 17, 2004 Memo to Iglesias), Deposition Exhibit 34 (Iglesias' May 17, 2004 Memo to Wolford), Deposition Exhibit 61 (Drug and Alcohol Law Enforcement Special Funds Report for August 2002 through February 2004), Deposition Exhibit 71 (Ford's October 31, 2005 Memo), Deposition Exhibit 73 (Wolford's November 22, 2005 Memo to Marrow), Deposition Exhibit 77 (Wolford's January 24, 2006 Memo to Iglesias), Deposition Exhibit 88 (Command Staff's January 10, 2006 Memo to Marrow), Exhibit A (Entire Transcript of March 23, 2006 Grievance Hearing), Exhibit B2 (Confidential Portions of Transcript of September 9, 2008 Deposition of Sharon B. Iglesias, pages 143 through 157), Exhibit C2 (Confidential Portions of

Transcript of October 7, 2008 Deposition of John Wolford, pages 21 through 84, 155 through 183), Exhibit D2 (Confidential Portions of Transcript of October 15, 2008 Deposition of Don Jenkins, pages 138 through 149), Exhibit E2 (Confidential Portions of Transcript of October 28, 2008 Deposition of Tommy Marrow, pages 52 through 112 and 142 through 153), Exhibit F (Entire Transcript of November 13, 2008 Deposition of J. Thomas Burnette), and Exhibit G (Declaration of Captain Glen Boyd), contain references to and/or constitute: (1) personnel records which are subject to the restrictions of N.C. Gen. Stat. § 160A-168; (2) law enforcement documents which are made confidential by N.C. Gen. Stat. § 132-1.4; (3) confidential attorney-client communications subject to the attorney-client privilege; and (4) information that is made confidential pursuant to N.C. Gen. Stat. § 143-318.11, including closed session minutes of the Oxford City Counsel.

The court also finds that the aforementioned items are confidential, not ordinarily subject to public inspection, and in some cases criminal sanctions can be imposed for disclosure to the public of said items.

The court further finds that Defendants have demonstrated the necessity and propriety of sealing the documents at issue pursuant to *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 680 (E.D.N.C. 2003).

The court further finds that Defendants have met the requirements set forth in *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-181 (4th Cir. 1988) in moving to have these documents filed under seal.

The court further finds that consistent with the Joint Consent Protective Order, which has been entered [DE 24], the documents shall be available for inspection only by those persons specifically identified in paragraph 4(c) of the Joint Consent Protective Order.

Therefore, Defendants' motion to seal is GRANTED.

1369208 v 1

This __23__ day of ~~December~~ January 2009.

                                                                  _____
                                                                  JAMES C. DEVER III
                                                                  United States District Judge Presiding

1369208 v 1